IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BURAK S. KOTAN  and | : | |
| MB GROUP, INC., | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:05CV01119-JDB |
| | : | |
| v. | : | |
| | : | |
| PIZZA OUTLET, INC., | : | |
| VOCELLI PIZZA, L.P., | : | |
| RANDY FOX and | : | |
| UMIT YIGIT, D.D.S., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**DEFENDANTS PIZZA OUTLET, INC. AND VOCELLI PIZZA, L.P.'s
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendants Pizza Outlet, Inc. and Vocelli Pizza, L.P. submit this Memorandum of Points and Authorities in support of their motion to dismiss or, in the alternative, to transfer venue.

**I.   BACKGROUND**

Plaintiffs, Burak Kotan ("Kotan") and MB Group, Inc. ("MB") (collectively, "Plaintiffs") filed the underlying Complaint on or about June 1, 2005 in the Superior Court for the District of Columbia.  On June 6, 2005, the defendants removed this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1446.

Defendant Vocelli Pizza, L.P. ("Vocelli Pizza") is a Pennsylvania limited partnership and the national franchisor of Vocelli Pizza franchise restaurants. See Certification of Robert Montanari at ¶ 2.  Defendant Pizza Outlet, Inc. ("Pizza Outlet") is

a Pennsylvania corporation and the general partner of Vocelli Pizza. Id. at ¶ 3. Currently, there are approximately 77 franchisee operated Vocelli Pizza restaurants operating in 7 states as well as 31 company-operated Vocelli Pizza restaurants in 4 states. Id. at ¶ 5. Defendants Randy Fox ("Fox") and Umit Yigit ("Yigit") are franchisees of Vocelli Pizza.

Vocelli Pizza franchise restaurants were originally offered under the mark Pizza Outlet, but as of February 25, 2002, restaurants located in Northern Virginia began operating under the name Vocelli Pizza. This name change coincided with the adoption of a more upscale and gourmet menu. Due to the success of the name change in the Northern Virginia market, all restaurants, system wide, began operating as Vocelli Pizza effective September 8, 2003. Id. at ¶ 6.

On February 20, 2004, Plaintiff Kotan and Mert Onur ("Onur") and defendants Pizza Outlet and Vocelli Pizza entered into a development agreement (the "Development Agreement") to promote and enhance the development of Vocelli Pizza restaurants in the western portion of Washington, D.C. Id. at ¶ 7. Kotan and Onur were required to have six Vocelli Pizza restaurants open and operating by June 1, 2007, with the first required to be open before December 1, 2004. Id. at 7, Exhibit "A". In addition, under Section 5 of the Development Agreement, Kotan and Onur agreed to pay Vocelli Pizza/Pizza Outlet a $15,000 nonrefundable development fee for the development of the first restaurant, and a subsequent $3,000 per each additional restaurant opened. Id. at ¶ 10.

Significantly, Section 19.D. of the Development Agreement specifically states:

> Exclusive Jurisdiction. Developer and PO [Pizza Outlet] agree that any action arising out of or relating to this Agreement (including, without limitation, the offer and sale of this Agreement) and the relationship of the parties shall

2

> be instituted and maintained only in a state or federal court
> of general jurisdiction in Allegheny County, Pennsylvania,
> and Developer irrevocably submits to the jurisdiction of
> such court(s) and waives any objection he may have to
> either the jurisdiction or venue of such court.

Subsequent to entering into the Development Agreement, Kotan incorporated MB to develop the Vocelli Pizza restaurants.

In an email dated September 27, 2004, Kotan notified Vocelli Pizza that he would be unable to meet the December 1, 2004 deadline for opening the first Vocelli Pizza restaurant. Id. at ¶ 12, Exhibit "B". In a letter dated September 30, 2004, Vocelli Pizza granted Kotan an extension until June 1, 2005 to open the first Vocelli Pizza restaurant required under the Development Agreement. Id. at ¶ 13, Exhibit "C".

As a result of the lack of progress being made in opening the first restaurant, on April 21, 2005, Vocelli Pizza wrote to Kotan and Onur, informing them that as of June 2, 2005, all development rights under the Development Agreement would revert back to Vocelli Pizza. Id. at ¶ 14, Exhibit "D". In a May 9, 2005 letter to Kotan's attorney John Shoreman, Vocelli reiterated its intention to terminate the Development Agreement as of June 2, 2005 as a result of Kotan and Onur's default of the Development Agreement by failing to open the first Vocelli pizza restaurant by June 1, 2005. Id. at ¶ 15, Exhibit "E". On June 2, 2005, Vocelli Pizza and Pizza Outlet terminated the Development Agreement as a result of Kotan's failure to meet the development scheduled contained therein. Id. at ¶ 16.

On June 2, 2005, Plaintiffs commenced an action against Pizza Outlet, Vocelli Pizza, Fox and Yigit in the Superior Court for the District of Columbia, Case Number 05-004145B, alleging claims for tortious interference, breach of contract, fraud and deceit,

3

and misrepresentation. Specifically, Plaintiffs allege that Kotan and Onur entered into a partnership agreement to carry out the establishment and operation of Vocelli Pizza restaurants as required under the Development Agreement. Plaintiffs claim that defendants Fox and Yigit violated the partnership agreement by inducing, soliciting and subsequently employing Onur as a full time manager of the Fox and Yigit-owned Vocelli Pizza restaurants in Northern Virginia and Florida. Plaintiffs further allege that Vocelli Pizza and Pizza Outlet violated their obligations under the Development Agreement by approving of Onur's hiring by Fox and Yigit. As such, the Plaintiffs' claims clearly arise out of the Development Agreement and the relationship between the parties thereto, within the meaning of Section 19.D. of the Development Agreement.

Accordingly, as the following legal argument will demonstrate, this Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, the Court should transfer the action to the United States District Court for the Western District of Pennsylvania.

**II.     ARGUMENT**

    **A.     This Action Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1406(a).**

Federal Rule of Civil Procedure 12(b)(3) is the appropriate vehicle for raising a motion to dismiss for improper venue on the basis of a forum selection clause. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285 (11th Cir. 1998). Rule 12(b)(3) taps the courts powers granted by 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Venue is not proper in this district because of the mandatory forum selection clause contained in the Development Agreement.

The United States Supreme Court has consistently held that forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 590, 594 (1991).

A forum selection clause is "unreasonable" where the opposing party can make a "strong showing" that: (1) the forum selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court"; or (2) the "clause [itself] was procured through fraud or over-reaching." M/S Bremen, 407 U.S. at 18. Absent a showing that the resisting party would be essentially deprived of his day in court, there is no basis for concluding that it would be unfair, unjust or unreasonable to hold that party to his bargain. Id.,

> The forum selection clause entered into by the parties in this matter states:
>
>> Exclusive Jurisdiction. Developer and PO [Pizza Outlet] agree that any action arising out of or relating to this Agreement (including, without limitation, the offer and sale of this Agreement) and the relationship of the parties ***shall be instituted and maintained only in a state or federal court of general jurisdiction in Allegheny County, Pennsylvania,*** and Developer irrevocably submits to the jurisdiction of such court(s) ***and waives any objection he may have to either the jurisdiction or venue of such court.***

Development Agreement, Section 19.D. (Emphasis added.)

The facts weigh heavily in favor of upholding the forum selection clause, as Plaintiffs will not be deprived of their day in court. Kotan knowingly and voluntarily,

5

without being fraudulently induced or strong-armed, entered into the Development Agreement with full knowledge that it contained an Allegheny County, Pennsylvania forum selection clause. In addition, the Plaintiffs will not face any great inconvenience by having to litigate this matter in Pennsylvania. As Pittsburgh is only approximately 180 miles from Washington, D.C., it hardly can be a "gravely difficult and inconvenient" forum for Plaintiffs to litigate this matter. Moreover, all of Vocelli Pizza's and Pizza Outlet's witnesses and records are located in Pittsburgh. See Montanari Certification at ¶ 17.

Furthermore, given that this is not a local dispute, the interstate quality of the agreement and the parties involved here is patent. M/S Bremen, 407 U.S. at 17. Accordingly, the private agreement at issue is fundamentally fair and should be given full effect. Id. at 12-13.

Therefore, this Court should find any alleged inconvenience to the Plaintiffs insufficient to overcome the forum selection clause for which they, Vocelli Pizza and Pizza Outlet bargained. To allow the Plaintiffs to deny the enforceability of the forum selection clause would be to contravene the basic principles underlying contract law. There is no sound basis for concluding that it would be unfair, unjust or unreasonable to hold the Plaintiffs to their bargain. Accordingly, Vocelli Pizza and Pizza Outlet respectfully request that this Court dismiss the Plaintiffs' action pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).

**B.     In the Alternative, This Action Should Be Transferred to the United States District Court for the Western District of Pennsylvania Pursuant to 28 U.S.C. §1404(a).**

In the event the Court declines to dismiss this case, the Court should, in the alternative, transfer venue to the United States District Court for the Western District of Pennsylvania because: (1) venue is proper in the Western District of Pennsylvania; (2) the parties have chosen the Western District of Pennsylvania as the forum for all disputes "arising out of or relating to this Agreement … and the relationship of the parties"; and (3) the Western District of Pennsylvania does not provide an inconvenient forum for the Plaintiffs.

The decision to transfer a case is a matter of federal procedural law which is left within the sound discretion of the trial court. The federal transfer statute, 28 U.S.C. § 1404(a), provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). In determining whether a case should be transferred, a court must first determine that the proposed transferee jurisdiction is a proper forum for resolution of the dispute. Thereafter, the motion will be decided on an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). As described below, the Western District of Pennsylvania represents not only a proper forum, but also the forum chosen by the parties and is the most convenient forum for resolution of the parties' dispute,

### 1.     Venue Is Proper In The Western District of Pennsylvania.

The Western District of Pennsylvania is a proper forum for this litigation under 28 U.S.C. § 1391(a), which provides, in pertinent part:

> A civil action where jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, the Western District of Pennsylvania is a proper forum for the resolution of this dispute, since this action could have originally and properly been brought in the Western District of Pennsylvania. Jurisdiction over this action is based solely on diversity of citizenship of the parties. Vocelli Pizza and Pizza Outlet are Pennsylvania residents, the Plaintiffs are Maryland residents and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a)(1). Venue is proper in the Western District of Pennsylvania because both Vocelli Pizza and Pizza Outlet are located in Pennsylvania. 28 U.S.C. § 1339(a)(1). Moreover, venue is proper because the Plaintiff's breached the Development Agreement reached in Pennsylvania, and therefore a substantial part of the events giving rise to the claims occurred in Pennsylvania. 28 U.S.C. § 1339(a)(2).

### 2.     The Parties Chose the Western District of Pennsylvania as the Forum for Resolving Disputes.

The Court must consider the parties' private expression of their venue preferences. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed. 22 (1988). Generally, the presence of a forum selection clause, such as the one at

8

issue here, is a significant factor that figures centrally in the district court's determination. Id. Here, the parties unequivocally selected the Western District of Pennsylvania as their preferred forum for any action "arising out of or relating to this Agreement … and the relationship of the parties." Accordingly, this Court should afford significant weight to the parties' private expression of their venue preferences, and transfer this case to the Western District of Pennsylvania.

### 3. Consideration of the Remaining Factors Militates Strongly in Favor of Transfer.

Consideration of the remaining factors, such as the convenience of witnesses and "those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice'" likewise militate in favor of transfer. See Stewart, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed 22 (1988). Here, all of Vocelli Pizza's and Pizza Outlet's witnesses reside in the Western District of Pennsylvania, and all of their corporate records are maintained in the Western District of Pennsylvania. See Montanari Certification at ¶¶ 4 and 17. Moreover, Plaintiffs will not be burdened given the relative close proximity of Pittsburgh to Washington, D.C.

## III.  CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this matter be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). The

remaining defendants, Fox and Yigit, consent to the relief sought in this motion.

        Respectfully submitted,

        ARENT FOX PLLC


By: _____/s/_____
    Christopher H. Grigorian
    Bar No. 432104
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5339
    Phone: (202) 775-5779
    Facsimile: (202) 857-6395

Of Counsel:

Lane Fisher
Fisher Zucker LLC
121 Avenue of the Arts, Suite 1200
Philadelphia, PA 19107
Phone: (215) 545-5200

**CERTIFICATE OF SERVICE**

I, Christopher H. Grigorian, certify that I have this 23rd day of June, 2005, caused a true and correct copy of the foregoing Motion to Dismiss and Memorandum of Points and Authorities to be served upon counsel for the Plaintiffs by U.S. Mail (First Class) and facsimile as follows:

>John M. Shoreman
>McFadden & Shoreman, PC
>1900 L Street N.W., Suite 502
>Washington, D.C. 20036
>Facsimile: (202) 638-6783

>Athan T. Tsimpedes
>McFadden & Shoreman, PC
>1900 L Street N.W., Suite 502
>Washington, D.C. 20036
>Facsimile: (202) 638-6783

>_____/s/_____
>Christopher H. Grigorian