UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BURAK S. KOTAN and )
MB GROUP, INC. )
) Civil Action No. 1:05-01119(RCL)
)
    Plaintiff )
v. )
)
PIZZA OUTLET, INC., *et al.* )
)
    Defendants )
_____)

### PLAINTIFFS' OPPOSITION TO DEFENDANTS PIZZA OUTLET, INC.'S AND VOCELLI PIZZA, L.P.'S MOTION TO DISMISS AND IN THE ALTERNATIVE TO TRANSFER VENUE

Plaintiffs, by and through their counsel, John M. Shoreman and Athan T. Tsimpedes, submit their opposition to Defendants Pizza Outlet Inc.'s and Vocelli Pizza L.P.'s (hereinafter referred to as "Defendants") Motion to Dismiss or in the Alternative Transfer Venue . In support Plaintiffs provide the following but not limited reasons:

1. Any applicable forum selection clause affects only one Defendant Pizza Outlet and Plaintiff Burak S. Kotan.

2. The tortious interference count in Plaintiffs' complaint alleges conduct between Plaintiff MB Group, Inc. and Defendant Pizza Outlet Inc. who are not parties to any forum selection clause.

3. The District of Columbia is a more convenient forum than the Western District of Pennsylvania.

4.   The interests of justice require this action be maintained in the District of Columbia.

5.   Defendants Randy Fox and Yugit Onut do not have any sufficient contacts with the Western District of Pennsylvania to be hailed thereunder traditional notions of fair play and substantial justice.

6.   Defendants contacts with the District of Columbia are substantial and is where the cause of action arose and the harm occurred.

7.   This court should not apply the Defendant's Pizza Outlet Inc.'s forum selection clause because it is unreasonable under the circumstances.

8.   Defendants had no right or standing to seek removal of Plaintiffs' complaint from the Superior Court of the District of Columbia on June 6, 2005 because the Defendants were not served as mandated by 28 USCA 1441.

Respectfully submitted,

_____
John M. Shoreman
Athan T. Tsimpedes

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BURAK S. KOTAN and** <br> **MB GROUP, INC.** <br><br>     **Plaintiffs** <br> v. <br><br> **PIZZA OUTLET, INC.,** *et al.* <br><br>     **Defendants** | Civil Action No. 1:05-01119(RCL) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION[1] TO DEFENDANTS PIZZA OUTLET, INC.'S AND VOCELLI PIZZA, L.P.'S MOTION TO DISMISS AND IN THE ALTERNATIVE TRANSFER VENUE

### BACKGROUND

This matter was originally filed in the Superior Court for the District of Columbia by complaint seeking several causes of action against all Defendants and a separate claim by petition for immediate injunctive relief against only Defendants Pizza Outlet Inc. and Vocelli Pizza, LP by Plaintiffs Burak S. Kotan (hereinafter "Kotan") and MB Group, Inc. (hereinafter "MB").

Rather than responding or defending the action (i.e. Motion to Dismiss) that was set for an injunction hearing in the Superior Court for the District of Columbia on June 7, 2005, all Defendants through representation sought the

---

[1] Plaintiffs counsel had problems with his computer scanner creating pdf files resulting in a delay in sending this Opposition. As a result it was filed a few minutes past midnight on July 22, 2005. Defendants will not be prejudiced by the late filing and was to late to contact opposing counsel for consent.

removal of the Superior Court action to the United States District Court for the District of Columbia on June 6, 2005.

After removing the action, only Defendants Pizza Outlet, Inc.(hereinafter "PO") and Vocelli Pizza, LP (hereinafter "Vocelli") filed a Motion to Dismiss or in the Alternative to Transfer Venue on June 23, 2005.

Although all Defendants in concerted effort removed this action to this court, none of the Defendants have been served and nor have the remaining defendants in this matter Randy Fox (hereinafter "Fox") or Umit Yigit, D.D.S. (hereinafter "Yigit") seem to be within the jurisdiction of Pennsylvania courts and having this matter decided in the Western District of Pennsylvania.

## ARGUMENT

### Standard for Determining the Dismissal Motion

The question here is whether the *Bremen* test or something different should be applied in a diversity case upon a motion to dismiss. In *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), an action filed in federal court under diversity jurisdiction, the defendant moved to dismiss or transfer venue based on a forum selection clause. The court held that federal rather than state law governed this issue, and that under federal law the decision whether to *transfer* venue is governed by 28 U.S.C. 1404(a). *Id.* at 27-29, The Court instructed that under this statute the court must make an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 29, The court should "weigh in the balance a number of case-specific factors," of which the forum selection clause is "a significant factor that figures centrally in the district court's calculus."

*Id.* The court should also consider "the convenience of the witnesses and those public-interest factors of systemic integrity and fairness under the heading of "the interest of justice.' " *Id.* *Stewart* has been described as a response to "lower courts' overly broad application of *The Bremen* result[ing] in over enforcement of forum-selection clauses." Leandra Lederman, Note, *Viva Zapata!: Toward a Rational System of Forum-Selection Clause Enforcement in Diversity Cases,* 66 N.Y.U.L.Rev. 422, 447 (1991).

In diversity cases involving motions to dismiss and motions to transfer, some federal courts continue to apply *Bremen* to motions to dismiss based on a forum selection clause. However, a motion to transfer an action to another federal district pursuant to section 1404(a) calls for an "individualized, case-by-case consideration of convenience and fairness.' The Fourth Circuit has looked to state law to determine the motion to dismiss. *Nutter v. Rents, Inc.,* 1991 WL 193490, at **5-7 (4th Cir. Oct. 1, 1991). Other courts have suggested that a motion to dismiss is not an appropriate means of enforcing a forum selection clause, and that instead the motion should be treated as a motion to transfer. *Haskel v. FPR Registry, Inc.,* 862 F.Supp. 909, 915-16 (E.D.N.Y.1994); *National Micrographics Sys., Inc. v. Canon U.S.A.,Inc.,* 825 F.Supp. 671, 679 (N.J.1993); *Page Constr. Co. v.Perini Constr.,* 712 F.Supp. 9, 10-11 (D.R.I.1989); Commerce Consultants Int'l v. Vetrerie Riunite, 867 F.2d 697, 698 (D.C. Cir. 1989). This standard applies here and Defendants PO's and Vocelli's motion should be treated as a motion to transfer.

**<u>Justice requires this Matter be maintained in the District of Columbia</u>**.

It would be in the interest of justice to maintain the case in the District of Columbia and not in the Western District of Pennsylvania for the reasons expressed herein. The harm alleged in Plaintiffs' complaint occurred in the District of Columbia. The Plaintiffs are located in the DC metropolitan area. All Defendants have sufficient contacts with the District to Columbia to satisfy personal jurisdiction. Plaintiffs' witnesses and documents are located in the District of Columbia area. Defendant PO is a general partner of Defendant Vocelli and therefore a separate entity who is a third party to the contract containing the forum selection clause that is the basis of Defendants PO's and Vocelli's motion. (Defs' Mot. To Dism., Exhibit A). Only one defendant is a party to the contract that includes the forum selection clause. Defendants Fox and Yigit are not within the personal jurisdiction of the Western District of Pennsylvania that raises issues of the efficiency let alone ability to serve justice in this matter should this court consider a transfer.

The interests of justice compel this action be maintained here. MB is a small entity that does not have resources to litigate in a distant forum. Kotan conducts business in the DC metropolitan area. Transfer to the Western District of Pennsylvania will cause delays in this matter let alone the unfairness and inconvenience presented by that forum and its location.

Promptness of dockets is a pertinent factor in determining whether transfer should be allowed. *Eastern Scientific Mktg., Inc. v. Tekna-Seal, Inc.* 696 F. Supp. 173, 180 n. 13 (E.D. Va. 1988) *(Denying transfer)*. In particular, plaintiff

will need to obtain new counsel, prepare its witnesses from the District of Columbia and bring them to new counsel probably located in Alleghany County, Pennsylvania. Defendants have not been served and Defendants Fox and Yigit have not suggested they would accept the jurisdiction of the Western District of Pennsylvania, even if the court would accept such venue shopping. Defendant Fox and Yigit are not parties to the contract containing the forum selection clause that is the basis of Defendants PO's and Vocelli's motion. The time consumption away from the D.C. area and the inability to persuade witnesses to make commitments to make such travel and availability away from the District of Columbia will have a negative impact and delay this case. In sum, this is precisely the type of case in which the plaintiffs' choice of a home forum is entitled to deference and in the interests of justice should not be disturbed. Accordingly, Defendants' request for transfer should be denied.

Additionally, there is no personal jurisdiction by the Western District of Pennsylvania over Defendants Fox and Yigit that will obviously cause delays in prosecuting this case, let alone whether the Western District is an appropriate forum under the circumstances. Vocelli's conducts business and does sell franchises in the DC metropolitan area. The tortious interference claim[2] alleged in the complaint is governed by District of Columbia law as it is the place where the injury arose that also includes parties not included in the forum selection clause that Defendants PO and Vocelli base their motion upon.

---

[2] Plaintiffs request leave to amend to correct any inadvertent errors or clarify the Complaint in this case.

The place of injury has been historically a proper venue. Defendants PO, Fox and Yigit are not parties to the franchise agreement between Vocelli and Plaintiff Kotan that contains the forum selection clause. Therefore, under the circumstances and the parties involved in this action, it would serve justice for this court to deny Defendants PO's and Vocelli's motion.

**Defendants Removal was not Proper.**

28 USCA 1441 allows the removal of a state court proceeding to Federal Court based on diversity of citizenship "**only if** none of the parties in interest properly joined and **served** as defendants is a citizen of the State in which such action is brought". *28 USCA 1441 (b).*

It is undisputed the Defendants in this matter were not served as of the date of removal of this action. Defendants action of removal was premature as was the motion filed by Defendants PO and Vocelli that necessitated this instant response. Whether an action has been properly removed is determined as of the time of removal. *28 USCA 1441; Nu-Way Systems of Indianapolis, Inc. v. Belmont Marketing, Inc. 635 F.2d 617 (7th Cir. 1980).* Since service is a mandatory prerequisite for removal, Defendants removal of this case was improper. Defendants PO and Vocelli's motion is moot as the removal action was not proper in this case.

CONCLUSION

For the reasons stated above with all reasonable inferences being in Plaintiffs favor, Defendants PO and Vocelli's Motion to Dismiss or in the Alternative Transfer Venue should be denied.

Dated: July 21, 2005                    Respectfully submitted,

___/s/_____
John M. Shoreman
McFadden & Shoreman, PC
1900 L Street, NW
Suite 502
Washington, DC 20036
202-638-2100
202-638-6783 (fax

___/s/_____
Athan T. Tsimpedes
Bar No. 452341
1900 L Street, NW
Suite 502
Washington, DC 20036
202-223-6080
202-638-6783 (fax)

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2005 a copy of the foregoing Plaintiff's Opposition was served by first class mail, postage prepaid upon:

Christopher H. Grigorian
Arent Fox PLLC
1050 Connecticut Avenue, NW
Washington, DC 20036

___/s/_____
Athan T. Tsimpedes