**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BURAK S. KOTAN and : <br> MB GROUP, INC., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> PIZZA OUTLET, INC., : <br> VOCELLI PIZZA, L.P., : <br> RANDY FOX, and : <br> UMIT YIGIT, D.D.S., : <br> : <br> Defendants. : <br> _____: | Case No. 1:05CV01119-RCL |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

**I.      INTRODUCTION**

On June 23, 2005, Defendants Pizza Outlet, Inc. and Vocelli Pizza, L.P. ("Defendants") filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the Alternative, to Transfer Venue ("Motion") and Memorandum of Points and Authorities in Support thereof (the "Memorandum of Law").  On or about July 22, 2005, Plaintiffs filed their Memorandum in Opposition to Defendants' Motion ("Opposition Memorandum").  In their Opposition Memorandum, Plaintiffs argue that justice requires that this matter be maintained in the District of Columbia and that Defendants' removal was not proper.

Plaintiffs' contention that this matter should be maintained in the District of Columbia is incorrect.  Moreover, Plaintiffs' contention that removal was improper is similarly without merit, and this Court should grant Defendants' Motion to Dismiss or, in

the Alternative, to Transfer Venue.  Defendants submit this Reply Memorandum to address the arguments raised in Plaintiffs' Opposition Memorandum.

## II.   DISCUSSION

   1.   <u>Plaintiffs' Arguments Ignore the Centrality of the Forum Selection Clause to the Court's Analysis</u>.

Plaintiffs' Opposition Memorandum fails to address the centrality of a forum selection clause in a court's transfer of venue analysis under 28 U.S.C. § 1404(a).  The Supreme Court, in <u>Stewart Organization, Inc. v. Ricoh Corp</u>., 487 U.S. 22, 108 S.Ct. 2239 (1988), held that the presence of a forum-selection clause is a significant factor that figures centrally in a district court's calculus.  <u>Id</u>. at 29.  This Court has held that "when parties have agreed to a forum-selection clause, the traditional analysis is altered and 'in light of present-day commercial realities . . . the forum clause should control absent a strong showing that it should be set aside.'"  <u>2215 Fifth Street Associates v. U Haul Intern., Inc</u>., 148 F.Supp.2d 50, 58 (D.D.C. 2001) (quoting <u>The M/S Bremen v. Zapata Off-Shore Co.,</u> 407 U.S. 1, 15, 92 S.Ct. 1907 (1972)).

Not surprisingly, Plaintiffs attempt to divert attention from the undisputed fact that they have already consented to jurisdiction in the United States District Court for the Western District of Pennsylvania, by contending that the forum selection clause is somehow weakened by the entity relationship between Vocelli Pizza, L.P. and its general partner, Pizza Outlet, Inc.  Plaintiffs argue that Pizza Outlet is not a party to the contract containing the forum selection clause.  Contrary to that assertion, Pizza Outlet, Inc. as general partner of Vocelli Pizza, L.P., necessarily is a party to the contract by its direct relationship as the signatory entity's general partner.  Nevertheless, the number of signatories to the Development Agreement does not diminish the centrality of the forum

2

selection clause to the Court's analysis of whether to transfer venue, nor does it change the fact that Plaintiffs, themselves, signed the agreement.

Plaintiffs also argue that the two non-moving defendants, Fox and Yigit, "are not within the personal jurisdiction of the Western District of Pennsylvania" and that "Fox and Yigit have not suggested they would accept the jurisdiction of the Western District of Pennsylvania." Opposition Memorandum at 5. Contrary to Plaintiffs' assertion, Fox and Yigit, through their counsel, Phillip Chung, Esq., have communicated by telephone with Defendants' counsel and have consented to venue transfer to the Western District of Pennsylvania. Fox and Yigit are franchisees in the Vocelli system and have signed franchise agreements containing the same forum selection clause as Plaintiffs' contract with Defendants. Fox and Yigit are willing to honor their contractual obligations.

Plaintiffs' also argue that maintaining the case in the District of Columbia would be in the interests of justice. They contend that, because the harm alleged in Plaintiffs' complaint occurred in the District of Columbia and because Plaintiffs' witnesses and documents are located in the District of Columbia, the case must be maintained in the District of Columbia. However, Plaintiffs' arguments must fail because any inconveniences it now cites existed at the time it agreed to the forum selection clause in the Development Agreement. See The M/S Bremen, 407 U.S. at 17-18, 92 S.Ct. 1907 (noting that when the "obstacle" was clearly foreseeable at the time of contracting, inconvenience claim is less persuasive).

Plaintiffs signed an agreement with Vocelli Pizza and Pizza Outlet for the purpose of developing restaurants, entirely within the District of Columbia. It was easily foreseeable at the time Plaintiffs signed the agreement containing the forum selection

3

clause that, in the eventuality of a dispute with Vocelli Pizza and Pizza Outlet, any harm caused thereby would likely occur in the District of Columbia.  The same holds true with respect to witnesses and documents.  Despite the obvious foreseability of these "obstacles," Plaintiffs rely on their actuality as justification for asking the Court to ignore the forum selection clause.  The court should instead find that Plaintiffs are bound to their choice of forum in the Development Agreement.

Furthermore, it is "incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  2215 Fifth Street Associates, 148 F.Supp.2d at 58 (quoting The M/S Bremen, 407 U.S. at 18, 92 S.Ct. 1907).  Plaintiffs' only contention with respect to showing grave difficulty and inconvenience is their statement that they are a small entity that does not have the resources to litigate in a distant forum.  Again, the court must consider the persuasiveness of this argument in light of the foreseability of litigating in Western Pennsylvania at the time Plaintiffs signed the Development Agreement.

    2.    <u>Removal was Proper</u>.

Plaintiffs argue that removal to this Court was improper because Defendants had not yet been served.  Contrary to their assertion, the removal statute and applicable case law do not require formal service in order for a defendant to remove an action.  28 U.S.C.A. § 1446(b) provides that the removal period begins to run when the defendant receives the initial pleading by service "or otherwise."  This Court has held that the plain language of § 1446(b) does not require perfection of service for the thirty-day time period to commence.  <u>Ibrahim v. 1417 N Street Associates, L.P.</u>, 950 F.Supp. 406, 407 (D.D.C.

4

1997) (noting that the words "or otherwise" in the phrase "service or otherwise" must mean something different than "service").

      Plaintiffs instituted suit in this matter in the Superior Court for the District of Columbia by filing an Application for an *Ex Parte* Temporary Restraining Order on June 2, 2005.  See Application attached hereto as Exhibit "A."  On June 1, 2005, counsel for Plaintiffs faxed a copy of the Application, Memorandum in Support and Affidavit to Defendants Vocelli Pizza and Pizza Outlet, requesting consent to entry of the proposed *ex parte* order.  The fax contained a Certificate of Service, whereby Plaintiffs' counsel certified that he had faxed the Application to these defendants.  See Certificate attached as Exhibit "B."  The Defendants immediately faxed the Application to their national counsel, Fisher Zucker LLC in Philadelphia, Pennsylvania.  See June 1, 2005 fax from Defendants to Fisher Zucker LLC attached as Exhibit "C."  On June 2, 2005, Plaintiffs' counsel, aware that Defendants were represented by counsel, faxed their Notice of Hearing directly to Fisher Zucker LLC, advising that a hearing on Plaintiffs' Motion for Temporary Restraining Order was scheduled to be heard on June 7, 2005.  See Plaintiffs' June 2, 2005 fax attached as Exhibit "D."  Defendants filed their Notice of Removal in this Court on June 6, 2005.  See Notice of Removal attached as Exhibit "E."  A simple application of this Court's "receipt" rule requires a finding that Defendants' removal was proper.

      3. **In the Alternative, Plaintiffs' Claims Against the Other Defendants Should Be Severed and the Claims Against Vocelli Pizza and Pizza Outlet Should Be Transferred to the United States District Court <u>for the Western District of Pennsylvania.</u>**

Rule 21 of the Federal Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." As Professors Wright and Miller explain:

> It may be that venue will be found to be proper for some defendants but improper for others. In those cases the court has a wide choice. It may transfer the entire case to another forum that would be proper for all defendants. Alternatively it may retain the case as to those defendants who are properly sued there and either transfer the severed portion of the case for those defendants for whom venue is improper or dismiss as to those defendants.

15 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3827 (footnotes omitted).

Defendants will be prejudiced by having to litigate this dispute in a forum different than the duly-agreed forum contained in the Development Agreement. Accordingly, severance of the claims against Vocelli Pizza and Pizza Outlet, and transfer of those claims to the Western District of Pennsylvania, is appropriate and warranted under the facts presented.

### III.    CONCLUSION

For the foregoing reasons, Defendants Pizza Outlet, Inc. and Vocelli Pizza, L.P. respectfully request that Plaintiffs' Complaint be dismissed or, in the alternative, that this matter be transferred to the United States District Court for the Western District of Pennsylvania.

                    Respectfully submitted,
                    ARENT FOX PLLC


By:    _____/s /_____
       Christopher H. Grigorian
       Bar No. 432104
       1050 Connecticut Avenue, N.W.
       Washington, D.C.  20036-5339
       Phone: (202) 775-5779
       Facsimile: (202) 857-6395

Of Counsel:

Lane Fisher
Fisher Zucker LLC
121 Avenue of the Arts, Suite 1200
Philadelphia, PA  19107
Phone: (215) 545-5200

CERTIFICATE OF SERVICE

I, Christopher Grigorian, certify that on this 2nd day of August, 2005, I caused a true and correct copy of the foregoing Reply Memorandum to be served upon counsel for Plaintiffs at the address below by U.S. Mail (First Class):

John M. Shoreman
Athan T. Tsimpedes
McFadden & Shoreman, PC
1900 L Street, N.W., Suite 502
Washington, D.C. 20036


_____/s/_____
Christopher H. Grigorian