IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

BURAK S. KOTAN
854 Quince Orchard Blvd., Suite 101
Gaithersburg, MD 20878

MB GROUP, INC.
854 Quince Orchard Blvd., Suite 101
Gaithersburg, MD 20878

       Plaintiffs,      :

                  :

v.                  :

                  :

PIZZA OUTLET, INC.    :    Civil Action No. 05-004145B
2102 Greentree Road, Suite A-202
Pittsburgh, PA 15220     :

                  :    JURY DEMAND

VOCELLI PIZZA, LP     :
2102 Greentree Road, Suite A-202
Pittsburgh, PA 15220     :

                  :

RANDY FOX         :
t/a Vocelli's Pizza
12026 North Shore Drive   :
Reston, VA 20190

                  :

ONIT YIGIT, D.D.S.    :
1347 East Sample Road
Pompano Beach, FL 33064  :

       Defendants.   :

_____ :

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   Clerk of the Superior Court
       Moultrie Courthouse
       500 Indiana Avenue, N.W.
       Washington, D.C. 20001

To the Clerk:

Please take notice that the defendants Pizza Outlet, Inc., Vocelli Pizza, LP, Randy Fox and Onit Yigit, D.D.S., have this day filed a Notice of Removal in the Office of the Clerk of the United States District Court for the District of Columbia.  A copy of the Notice of Removal is attached.

Date:  June 6, 2005

By: _____
Christopher H. Grigorian
ARENT FOX PLLC
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Phone:  (202) 775-5779
Facsimile: (202) 857-6395

Of Counsel:

Lane Fisher
Fisher Zucker LLC
121 Avenue of the Arts, Suite 1200
Philadelphia, PA 19107
Phone:  (215) 545-5200

## CERTIFICATE OF SERVICE

I, Christopher H. Grigorian, certify that I have this day caused a true and correct copy of the foregoing Notice of Filing of Notice of Removal to be served upon opposing counsel at the address listed below, by U.S. Mail (First Class) and by facsimile:

> John M. Shoreman
> McFadden & Shoreman, PC
> 1900 L Street, N.W., Suite 502
> Washington, D.C. 20036
> Facsimile: (202) 638-6783
>
> Athan T. Tsimpedes
> McFadden & Shoreman, PC
> 1900 L Street, N.W., Suite 502
> Washington, D.C. 20036
> Facsimile: (202) 638-6783

Dated: June 6, 2005                Christopher H. Grigorian

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BURAK S. KOTAN                          :
854 Quince Orchard Blvd., Suite 101     :
Gaithersburg, MD 20878                  :
                                        :
MB GROUP, INC.                          :
854 Quince Orchard Blvd., Suite 101     :
Gaithersburg, MD 20878                  :
                                        :
          Plaintiffs,                   :
                                        :
v.                                      :          Case Number: _____
                                        :
PIZZA OUTLET, INC.                      :
2102 Greentree Road, Suite A-202        :
Pittsburgh, PA 15220                    :
                                        :
VOCELLI PIZZA, LP                       :
2102 Greentree Road, Suite A-202        :
Pittsburgh, PA 15220                    :
                                        :
RANDY FOX                               :
t/a Vocelli's Pizza                     :
12026 North Shore Drive                 :
Reston, VA 20190                        :
                                        :
UMIT YIGIT, D.D.S.                      :
1347 East Sample Road                   :
Pompano Beach, FL 33064                 :
                                        :
          Defendants.                   :
_____ :

### NOTICE OF REMOVAL

Please take notice that defendants Pizza Outlet, Inc., Vocelli Pizza, LP, Randy Fox and Umit Yigit, D.D.S., (collectively, "Defendants") remove this action pursuant to 28 U.S.C § 1446, and in support of the removal, state as follows:

1.    Defendants are named in a civil action brought in the Superior Court for the District of Columbia, captioned <u>Burak S. Kotan et al. v. Pizza Outlet, Inc. et al.,</u> Case Number 05-004145B.

2.    This action was commenced on June 1, 2005. Defendants received a draft copy of the Complaint on June 1, 2005, but have not been served.    A copy of the Complaint is attached to this Notice.  The Complaint constitutes all process and orders received by Defendants in this action.

3.    This action is removable pursuant to 28 U.S.C. § 1441.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

4.    This Notice of Removal is filed within 30 days of Defendants' receipt of a copy of the Complaint.

5.    Defendants will give written notice of the filing of this Notice of Removal to the plaintiff and to the Clerk of the Superior Court for the District of Columbia as required by 28 U.S.C. § 1446(d).

2

**WHEREFORE**, defendants Pizza Outlet, Inc., Vocelli Pizza, LP, Randy Fox and

Umit Yigit, D.D.S. request that this action proceed in this Court as an action properly

removed to this Court.

ARENT FOX PLLC

By: _____
    Christopher H. Grigorian
    Bar No. 432104
    1050 Connecticut Avenue, N.W.
    Washington, D.C. 20036-5339
    Phone: (202) 775-5779
    Facsimile: (202) 857-6395

Of Counsel:

Lane Fisher
Fisher Zucker LLC
121 Avenue of the Arts, Suite 1200
Philadelphia, PA 19107
Phone: (215) 545-5200

3

## CERTIFICATE OF SERVICE

I, Christopher H. Grigorian, certify that I have this day caused a true and correct

copy of this Notice of Removal to be served upon opposing counsel at the addresses

listed below by U.S. Mail (First Class) and by facsimile:

> John M. Shoreman
> McFadden & Shoreman, PC
> 1900 L Street, N.W., Suite 502
> Washington, D.C. 20036
> Facsimile: (202) 638-6783
>
> Athan T. Tsimpedes
> McFadden & Shoreman, PC
> 1900 L Street, N.W., Suite 502
> Washington, D.C. 20036
> Facsimile: (202) 638-6783

Dated: June 6, 2005                         Christopher H. Grigorian

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

BURAK S. KOTAN                          )
854 QUINCE ORCHARD BLVD.                )
SUITE 101                               )
GAITHERSBURG, MD 20878; and             )
                                        )
MB GROUP, INC.                          )
854 QUINCE ORCHARD BLVD.                )
SUITE 101                               )
GAITHERSBURG, MD 20878                  )
                                        )
                Plaintiffs,             )
                                        )
        v.                              )
                                        ) Civil Action No.
PIZZA OUTLET, INC.                      )
2102 GREENTREE ROAD                     )
SUITE A-202                             )
PITTSBURGH, PA  15220; and              )        JURY DEMAND
Serve: Harry Ablak                      )
        122 Abbeyville Road             )
        Mount Lebabnon, PA 15228        )
                                        )
VOCELLI PIZZA, LP                       )
2102 GREENTREE ROAD                     )
SUITE A-202                             )
PITTSBURGH, PA  15220; and              )
Serve: Harry Ablak                      )
        122 Abbeyville Road             )
        Mount Lebabnon, PA 15228        )
                                        )
RANDY FOX                               )
t/a VOCELLI'S PIZZA                     )
12026 NORTH SHORE DRIVE                 )
RESTON, VA 20190; and                   )
                                        )
UMIT ONIT YIGIT, D.D.S                  )
1347 EAST SAMPLE ROAD                   )
POMPANO BEACH, FL 33064                 )
                                        )
                Defendants.             )

## VERIFIED COMPLAINT

COMES NOW, Plaintiffs Burak S. Kotan and MB Group, Inc., by and through counsel, and complains of the Defendants, Pizza Outlet, Inc. Vocelli Pizza, LP, Randy Fox and Omit Yigit, D.D.S. as follows

## INTRODUCTION

This matter arises from the Defendants' wrongful inducement of Mr. Mert Onur, who was a principal with Plaintiff Kotan in a business corporation named MB Group, Inc., that was established to develop and operate Vocelli Pizza stores in the District of Columbia. Defendants' tortious inducement has caused substantial losses and destroyed the ability of Kotan and MB Group Inc. to operate under a Development Agreement.

## JURISDICTION AND THE PARTIES

1.  The jurisdiction of this court is based on conduct of Defendants causing harm in the District of Columbia.

2.  Plaintiff Burak S. Kotan is a resident of the State of Maryland.

3.  Plaintiff MB Group, Inc, is incorporated under the laws of the State of Maryland with its offices in Gaithersburg, Maryland. Plaintiff Kotan is the principal of MB Group, Inc.

4.  Vocelli Pizza, LP is a limited partnership with its principal offices and headquarters in Pittsburgh, Pennsylvania.

5.  Defendant Pizza Outlet, Inc. (hereafter referred to as "Pizza Outlet") is a corporation with headquarters in Pittsburgh, Pennsylvania and is the general partner of Vocelli Pizza, LP, (hereafter referred to as "Vocelli's") together they are

2

franchising retail pizza stores named "Vocelli's Pizza" throughout the United States and the District of Columbia.

6.     Defendant Randy Fox (hereafter referred to as "Fox") is operating a Pizza establishment under a franchise with Vocelli's in the Northern Virginia area, near the District of Columbia.

7.     Defendant Omit Yigit DDS (hereafter referred to as "Yigit"), is a owner of a Vocelli Pizza establishment located in Pompano Beach, Florida.

**VENUE**

8.     Venue in this court is appropriate as the injury occurred in the District of Columbia.

**BACKGROUND FACTS**

9.     On February 10, 2004, Kotan and an individual named Mert Onur entered into a partnership agreement with the purpose of establishing and operating six (6) Vocelli Pizza Stores in the District of Columbia. The Vocelli Pizza Stores were to be established and operated under the terms of a Development Agreement with Pizza Outlet, Inc. The partnership agreement between Plaintiff and Mert Onur required the latter to provide his "full-time services and best efforts on behalf of the partnership." The partnership agreement provided further as follows:

> Non-Compete Agreement. A partner who retires or withdraws from the partnership shall not directly or indirectly engage in a business which is or which would be competitive with the existing or then anticipated business of the partnership for a period of 2 years in MD, DC, VA & PA or any other State(s) where the partnership is currently doing or actively planning to do business.

3

10. Defendant Fox owns and operates several Vocelli Pizza Stores in Northern Virginia. Such Vocelli Pizza Store locations would be competitive with the anticipated operation of Vocelli Pizza Store locations in the District of Columbia under the aforementioned partnership agreement. In late 2004 or early 2005 Defendants Fox and Yigit, with full knowledge that Mert Onur was legally restrained by a non-compete agreement, induced, solicited and subsequently employed Mert Onur as a full-time manager.

11. Defendants Pizza Outlet and Vocelli's assisted and were otherwise complicit with the wrongful conduct by approving Mert Onur as an operating principal for Defendants Fox and Yigit in charge of the day to day operations of their Vocelli's Pizza stores located in Florida and Northern Virginia.

12. Kotan sought to develop Vocelli's pizza stores in the District of Columbia exclusively and sought to operate six stores that resulted in a Developing Agreement ("Agreement") between the parties. A fee of Thirty Thousand Dollars($30,000.00) was paid by Kotan to Defendants for the exclusive rights for six stores of Vocelli Pizza in the District of Columbia.

13. Mert Onur's position in MB Group, Inc. required him to perform the functions of the managing partner, as well as to perform the day-to-day operations and manage the stores in the District of Columbia as required by the Development Agreement.

## COUNT I
### (Tortious Interference)

14 Plaintiffs hereby restate and reallege the allegations of paragraphs 1 through 13.

4

15.    Defendants' inducement, solicitation and hiring of Mert Onur, with foreknowledge of the non-compete provision of the partnership agreement, resulted directly in a breach of the partnership agreement and, consequently, a complete frustration of the purposes and expectations of that agreement

16.    As a direct and proximate result of Defendants tortious interference with the business relationship between Plaintiff and Mert Onur, Plaintiff has been injured in amount of no less than $620,000.

17.    Defendant's actions were intentional, willful and undertaken in gross disregard of the consequential damage to Plaintiff.

WHEREFORE, Plaintiffs prays this honorable court to enter judgment against Defendants, jointly and severally, as follows:

      a.    Enjoining Defendants employment of Mert Onur for a period not less than two(2) years;

      b.    Awarding Plaintiffs compensatory damages in an amount not less than $620,000;

      c.    Awarding Plaintiffs punitive damages in an amount to be determined at trial;

      d.    Awarding Plaintiffs' attorney's fees and the costs of this action, together with what other relied the court deems just and proper

## COUNT TWO
### (Breach of Contract)

18.    Plaintiffs incorporate paragraphs 1 through 17 by reference as if fully set forth in full.

19.    Plaintiffs performed all duties and obligations under the Development Agreement with Defendants Pizza Outlet and Vocelli.

20.    Defendants were obligated not to interfere with the ability of Plaintiff in performing their duties under the covenant of good faith and fair dealing implied in all contracts.

21.    Defendants intended on hiring away Mert Onur, a partner of Kotan, and the person chosen to operate the stores in the District of Columbia, as required by the Development Agreement.

22.    Defendants for their business advantage and to Plaintiff's detriment induced a key employee and partner of Kotan, Mert Onur, from his obligations to Plaintiffs and breached the implied covenant of good faith and fair dealing.

23.    As a result, Plaintiffs have been harmed in an amount no less than One Million Dollars ($1,000,000).

WHEREFORE, Plaintiff prays this honorable court to enter judgment against Defendants, jointly and severally, in an amount no less than One Million Dollars ($1,000,000).

### COUNT THREE
### (Fraud and Deceit Against All Defendants)

24.    Plaintiffs incorporate paragraphs 1 through 23 by reference as if fully set forth in full

25.    Defendants acting alone and in concert with each other, actively encouraged Kotan to enter into agreements in order to further their business relationship.

6

26.    During the time in which Defendants encouraged Kotan to acquire commercial space and other resources for the operation of the Vocelli pizza stores in the District of Columbia, Defendants, and each of them were formulating their scheme to terminate their agreement with Plaintiffs and to form a competing pizza business.

27.    Defendants, and each of them, misrepresented to Plaintiffs their plans with regard to their continued association with Plaintiffs.

28.    Defendants' nondisclosure and misrepresentation was intentional, and calculated to deceive Plaintiffs. In so acting, Defendants acted in concert with each other and as each other's agent.

29.    Acting in reliance in Defendants nondisclosure and misrepresentations, Plaintiff sought or entered into substantial commitments for space at considerable expense.

30.    By reason of the foregoing, Plaintiffs have suffered damages in an amount no less than One Million Dollars ($1,000,000) and punitive damages in the amount of Three Million Dollars ($3,000,000).

WHEREFORE, Plaintiff prays this honorable court to enter judgment against Defendants, jointly and severally, in an amount no less than One Million Dollars ($1,000,000) and punitive damages in the amount of Three Million Dollars ($3,000,000).

## COUNT FOUR
### (Misrepresentation)

31.    Plaintiffs incorporate paragraphs 1 through 30 by reference as if fully set forth in full.

31    Defendants made a false representation of a material fact

7

32.     Defendants either made the representation knowing that the representation was false, or made the representation recklessly without knowing if it was true.

33.     Defendants made the representation with the intent to deceive Plaintiffs.

34.     Plaintiffs suffered damages as a result of the reliance on the representations.

WHEREFORE, Plaintiff prays this honorable court to enter judgment against Defendants, jointly and severally, in an amount no less than One Million Dollars ($1,000,000) and punitive damages in the amount of Three Million Dollars ($3,000,000).

### JURY DEMAND

A trial by jury of all issues at law raised in the foregoing Complaint is respectfully requested.

8

Dated: June 1, 2005                    Respectfully submitted,


_____
John M. Shoreman, Bar No. 407626
McFadden & Shoreman, PC
1900 L Street, N.W., Suite 502,
Washington, D.C. 20036
202- 638-2100


_____
Athan T. Tsimpedes, Bar No. 452341
1900 L Street, N.W., Suite 502,
Washington, D.C. 20036
202-223-6080

*Counsel for Plaintiffs Burak S. Kotan
and MB Group Inc*

9